IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-111-D
No. 5:18-CV-505-D

| | |
|---|---|
| PHILLIP ALEXANDER WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On October 17, 2018, Phillip Alexander Williams ("Williams" or "petitioner"), proceeding pro se, moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 252-month sentence based on ineffective assistance of counsel [D.E. 132] and filed a memorandum in support [D.E. 132-1]. On May 8, 2019, the government moved to dismiss Williams's section 2255 motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim [D.E. 140] and filed a memorandum in support [D.E. 141]. On May 22, 2019, Williams responded in opposition [D.E. 144].

On December 2, 2019, Williams, proceeding pro se, moved to amend his section 2255 to add a claim for relief under Rehaif v. United States, 139 S. Ct. 2191 (2019) [D.E. 147].[1] On January 13, 2020, the government responded in opposition to Williams's motion to amend [D.E. 151]. On January 31, 2020, Williams replied [D.E. 152]. On June 19 and 23, 2020, Williams, proceeding through counsel, filed a supplemental section 2255 motion alleging a claim for postconviction relief under Rehaif [D.E. 157, 158]. On December 18, 2020, the court stayed the action pending additional

---

[1] Because Williams's motion to amend sought to add a Rehaif claim and Williams, through counsel, subsequently filed a supplemental section 2255 motion asserting a Rehaif claim, the court denies as moot Williams's motion to amend [D.E. 147].

appellate proceedings in United States v. Gary, 954 F.3d 194 (4th Cir. 2020). See [D.E. 161]. On January 21, 2021, the case was reassigned from the Honorable Malcolm J. Howard to the undersigned. On August 23, 2021, after the Supreme Court reversed Gary in Greer v. United States, 141 S. Ct. 2090 (2021), the court set a briefing schedule for any additional filings concerning Williams's section 2255 motions [D.E. 181]. On October 12, 2021, Williams withdrew his Rehaif claim [D.E. 185].[2]

On January 29, 2021, Williams moved to amend his section 2255 motion to raise a duplicity argument [D.E. 162].[3] On December 9, 2021, the government moved to dismiss Williams's amended section 2255 motion under Rule 12(b)(6) [D.E. 190] and filed a memorandum in support [D.E. 191]. On December 10, 2021, Williams responded in opposition [D.E. 196]. As explained below, the court lifts the stay, denies one of Williams's motions to amend, grants Williams's other motion to amend, grants the government's motions to dismiss, and dismisses Williams's section 2255 petitions.

I.

On October 7, 2016, pursuant to a written plea agreement, Williams pleaded guilty to possession of a firearm by a felon (count one), armed bank robbery (count two), armed bank robbery and aiding and abetting (count three), and discharging a firearm during and in relation to a crime of violence and aiding and abetting (count four). See [D.E. 100, 103]; Arraignment Tr. [D.E. 126]. On June 13, 2017, the court held Williams's sentencing hearing and adopted the facts set forth in the

---

[2] Because Williams withdrew his Rehaif claim, the court dismisses the section 2255 motions raising that claim [D.E. 157, 158]; cf. Greer, 141 S. Ct. 2097–98; PSR [D.E. 117] ¶¶ 29–30.

[3] The court grants Williams's motion to amend his section 2255 petition [D.E. 162] and considers his duplicity argument.

2

Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 117]; [D.E. 120, 121]; see Sentencing Tr. [D.E. 127] 15. The court calculated Williams's total offense level to be 29, his criminal history category to be IV, and his advisory guideline range to be 121 to 151 months' imprisonment on counts one, two, and three, to be followed by 120 months' consecutive imprisonment on count four. See Sentencing Tr. at 3. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Williams to 120 months' imprisonment on count one and 132 months' imprisonment on counts two and three to run concurrently, to be followed by 120 months' consecutive imprisonment on count four, for a total term of 252 months' imprisonment. See Sentencing Tr. at 15–16; [D.E. 121]. On June 29, 2017, Williams appealed. See [D.E. 122]. On October 16, 2017, the United States Court of Appeals for the Fourth Circuit granted Williams's motion to voluntarily dismiss his appeal. See [D.E. 128, 129]; cf. [D.E. 132] 2 (alleging counsel filed a notice of appeal "but he never filed an accompanying brief").

II.

Williams moves to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. See [D.E. 132, 157, 158]. Williams alleges ineffective assistance of counsel and makes three arguments: (1) counsel failed to advise Williams of all the elements of armed bank robbery, rendering Williams's guilty plea not knowing and voluntary, (2) counsel failed to attack the original indictment and superseding criminal information for failure to list every element of the armed bank robbery offenses, and (3) counsel failed to attack the section 924(c) charge in the original indictment and superseding criminal information as duplicitous. The government moves to dismiss Williams's motions under Rule 12(b)(6) for failure to state a claim. See [D.E. 140, 190].

3

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of

4

counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 137 S. Ct. at 1967. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

A.

Williams argues that his guilty plea was not knowing and voluntary because counsel failed to inform him of the elements of armed bank robbery. See [D.E. 132-1] 4. Williams's sworn

5

statements during his Rule 11 proceeding contradict this claim, and his sworn statements bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). At his Rule 11 hearing, Williams affirmed he was fully satisfied with counsel's services. See Arraignment Tr. at 14–22. Williams also affirmed that he discussed his case and the plea agreement with his lawyer. See id. The court explained the charges to Williams and the applicable penalties he faced, and Williams affirmed he understood them. See id. at 15–19, 25–28. Moreover, Williams affirmed that no one threatened or forced him to plead guilty and no one promised him anything in exchange for pleading guilty. See id. at 24. Williams also affirmed that he understood that any sentencing prediction or recommendation was not binding on the court and that if the prediction was incorrect or the court chose not to follow the recommendation, Williams could not withdraw his guilty plea. See id. at 24–25. Thus, Williams's guilty plea was knowing and voluntary.

Williams fails to plausibly allege deficient performance or prejudice. Williams does not plausibly allege that counsel failed to inform him of the elements of armed bank robbery. Williams's plea agreement expressly listed the elements of armed bank robbery for both counts two and three. See [D.E. 103] 5–6. At Williams's Rule 11 hearing, Williams told the court under oath that he understood the charges against him, that he discussed the plea agreement with his lawyer, that he understood the contents of his plea agreement, and that he had no questions about his plea agreement. See Arraignment Tr. at 21–23. Thus, Williams does not plausibly allege that counsel failed to inform him of the elements of armed bank robbery. Moreover, even if counsel did fail to inform Williams of the elements of armed bank robbery, Williams does not plausibly allege that he would have proceeded to trial on the armed bank robbery counts but for counsel's alleged error.

6

Thus, Williams has not plausibly alleged deficient performance or prejudice, and the court dismisses the claim.

B.

Williams argues he received ineffective assistance of counsel because counsel failed to challenge the original indictment and superseding criminal information in Williams's case. See [D.E. 132-1] 5–12. To the extent Williams argues this alleged error rendered his guilty plea not knowing and voluntary, see [D.E. 132] 4, the claim fails. As explained, Williams's sworn statements at his Rule 11 hearing show his guilty plea was knowing and voluntary. Moreover, Williams fails to plausibly allege the deficient performance of counsel and any resulting prejudice.

As for deficient performance, objecting to the original indictment and superseding information would have been baseless. Federal Rule of Criminal Procedure 7 states that an indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It must also contain "the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Id. "[A]n indictment is legally sufficient (1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." United States v. Rendelman, 641 F.3d 36, 44 (4th Cir. 2011); see United States v. Mills, No. 20-4187, 2021 WL 4240505, at *1 (4th Cir. Sept. 17, 2021) (per curiam) (unpublished); United States v. Brandon, 298 F.3d 307, 310 (4th Cir. 2002); United States v. Loayza, 107 F.3d 257, 260 (4th Cir. 1997).

Armed bank robbery "has four elements: (1) the defendant took, or attempted to take, money belonging to, or in the custody, care, or possession of, a bank, credit union, or saving and loan

7

association; (2) the money was taken by force and violence, or by intimidation; (3) the deposits of the institution were federally insured; and (4) in committing or attempting to commit the offense, the defendant assaulted any person, or put in jeopardy the life of any person, by the use of a dangerous weapon or device." United States v. McNeal, 818 F.3d 141, 152 (4th Cir. 2016) (quotation omitted); see United States v. Davis, 437 F.3d 989, 993 (10th Cir. 2006).

Williams argues that counsel should have challenged the original indictment and superseding criminal information because they did not include the first element of armed bank robbery. Specifically, Williams argues the charging documents should have cited 18 U.S.C. § 2113(f), which defines the term "bank" for the purposes of the armed bank robbery statute. See [D.E. 132-1] 5–12. However, the original indictment and superseding criminal information did cite sections 2113(a) and (d), which are the substantive offense and the enhancement provision for putting a persons's life in jeopardy during the course of the robbery or attempted robbery while using a dangerous weapon. See 18 U.S.C. §§ 2113(a), (d). Count one of the original indictment specifically alleged that Williams robbed "KS Bank." [D.E. 1] 1. Likewise, the superseding criminal information alleged in count two that Williams robbed "BB&T Bank" and alleged in count three that Williams robbed or aided and abetted the robbery of "KS Bank." [D.E. 97-1] 1–2. Moreover, the original indictment and superseding criminal information alleged that the Federal Deposit Insurance Corporation insured the deposits in these banks. See [D.E. 1] 1; [D.E. 97-1] 1–2. Thus, the charges alleged that BB&T Bank and KS Bank are "banks" within the meaning of 18 U.S.C. § 2113(f), which defines a "bank," in part, as "any institution the deposits of which are insured by the Federal Deposit Insurance Corporation." 18 U.S.C. § 2113(f). Finally, in both the original indictment and the superseding criminal information, the language tracks the statutory text. Compare [D.E. 1, 97-1] with 18 U.S.C. § 2113(a). Thus, even though the original indictment and superseding criminal information did not

8

cite 18 U.S.C. § 2113(f), both charging documents were legally sufficient and properly charged Williams with armed bank robbery.

Any objection to the original indictment and superseding criminal information would have been baseless, and counsel did not perform deficiently by failing to make a baseless objection. See, e.g., Knowles v. Mirzayance, 556 U.S. 111, 124–28 (2009); Strickland, 466 U.S. at 687–91; United States v. Surginer, 64 F.3d 661, 1995 WL 494914, at *2 (4th Cir. 1995) (per curiam) (unpublished table decision). Moreover, even if not baseless, counsel need not "raise every available nonfrivolous" argument to provide effective representation. See, e.g., Knowles, 556 U.S. at 126–27. Rather, counsel's "reasonable appraisal of a claim's dismal prospects for success" is reason enough not to raise it. Id. at 127. Thus, Williams does not plausibly allege deficient performance.

Alternatively, Williams fails to plausibly allege prejudice. The superseding criminal information in Williams's case superseded and nullified any error in the indictment. See [D.E. 97-1]. Moreover, the superseding criminal information properly alleged the elements of armed bank robbery in counts two and three. See id. at 1–2. At his Rule 11 hearing, Williams knowingly and voluntarily waived his right to an indictment and instead knowingly and voluntarily pleaded guilty to the counts in the superseding criminal information. See Arraignment Tr. at 19–21; [D.E. 102] (signed waiver of indictment). In so doing, Williams knowingly and voluntarily waived his right to grand jury indictment. Williams does not plausibly allege that but for counsel's alleged error, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Thus, Williams has not plausibly alleged deficient performance and prejudice, and the court dismisses the claim.

C.

Williams argues that counsel performed deficiently by failing to object to the section 924(c) charge in count two of the original indictment and count four of the superseding criminal information

9

as duplicitious. See [D.E. 162] 4. A duplicitous indictment is one that fuses two separate offenses into a single charge. See United States v. Robinson, 627 F.3d 941, 957 (4th Cir. 2010). Duplicitous charges violate the Sixth Amendment right to a unanimous verdict. See United States v. Robinson, 855 F.3d 265, 269–70 (4th Cir. 2017). In the context of section 924(c), the Fourth Circuit has held that the statute creates two separate offenses: the "use and carry" offense and the "possession" offense. See United States v. Woods, 271 F. App'x 338, 343 (4th Cir. 2008) (per curiam) (unpublished). Williams was charged in the same count with using or carrying a firearm during and in relation to a crime of violence (i.e., armed bank robbery) and with possessing a firearm in furtherance of such a crime. See [D.E. 1] 2; [D.E. 97-1] 3. Thus, Williams argues that the section 924(c) charges in both the original indictment and the superseding criminal information were duplicitous.

The United States properly charged the section 924(c) count conjunctively. See Griffin v. United States, 502 U.S. 46, 49–51 (1991); United States v. Montgomery, 262 F.3d 233, 242 (4th Cir. 2001); United States v. Teagne, 178 F.3d 1288, 1999 WL 308620, at *2 (4th Cir. 1999) (per curiam) (unpublished table decision). Thus, counsel did not perform deficiently by failing to file a baseless motion.

Alternatively, assuming without deciding that the section 924(c) charge is duplicitous,[4] a conviction will stand if "the evidence was sufficient to find that the defendant committed each of the acts listed in the indictment." Daniels v. United States, No. 7:14-CR-105-FL, 2019 WL 5869751, at *4 (E.D.N.C. Oct. 22, 2019) (unpublished), report and recommendation adopted, 2019 WL 5866720 (E.D.N.C. Nov. 8, 2019) (unpublished); see Turner v. United States, 396 U.S. 398, 420

---

[4] See Robinson, 627 F.3d at 957 n.4.

10

(1970); United States v. Mingo, 237 F. App'x 860, 864–65 (4th Cir. 2007) (per curiam) (unpublished). Even though counsel failed to object to the section 924(c) charges in the original indictment and superseding criminal information as duplicitous, Williams does not plausibly allege that "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. As stated, Williams entered a knowing and voluntary guilty plea to count four of the superseding criminal information, thus admitting he violated section 924(c). See Arraignment Tr. at 27–28. In light of Williams's knowing and voluntary guilty plea and the factual basis for the plea, the record demonstrates that Williams violated section 924(c) and committed the offense in count four under both theories of liability under section 924(c). See McCarthy v. United States, 394 U.S. 459, 466 (1969) ("[A] guilty plea is an admission of all the elements of a formal criminal charge."); Bennett v. United States, No. 1:12CV880, 2015 WL 12914353, at *4 (M.D.N.C. June 29, 2015) (unpublished), report and recommendation adopted, 2015 WL 12911761 (M.D.N.C. Aug. 4, 2015) (unpublished); Booker v. United States, No. 3:14-cv-00341-MOC, 2014 WL 7339186, at *7 (W.D.N.C. Dec. 23, 2014) (unpublished); Roberson v. United States, No. 5:07-CR-314-FL, 2010 WL 7800171, at *5 (E.D.N.C. Apr. 27, 2010) (unpublished), report and recommendation adopted, 2011 WL 5101573 (E.D.N.C. Oct. 26, 2011) (unpublished); cf. Arraignment Tr. at 30 (describing the factual basis for count four—namely, that Williams fired a bullet into the ceiling while robbing KS Bank). Moreover, if counsel had objected, the United States would likely have filed another superseding criminal information correcting the alleged error, and Williams would have again had to decide whether to plead guilty or proceed to trial. See Geter v. United States, No. 3:16-00314, 2021 WL 3931889, at *3 (D.S.C. Sept. 2, 2021), appeal dismissed, 2022 WL 604032 (4th Cir. Mar. 1, 2022). Williams does not plausibly allege he would have proceeded to trial. See [D.E. 162] 4 (alleging deficient performance but not plausibly alleging he would have insisted on proceeding to

11

trial); cf. Lee, 137 S. Ct. at 1967 ("Courts should not upset a guilty plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies."). Thus, Williams does not plausibly allege prejudice, and the court dismisses the claim.

D.

After reviewing the claims presented in Williams's motion, the court finds that reasonable jurists would not find the court's treatment of Williams's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court LIFTS the stay [D.E. 161], DENIES as moot petitioner's motion to amend [D.E. 147], GRANTS petitioner's motion to amend [D.E. 162], GRANTS respondent's motions to dismiss [D.E. 140, 190], DISMISSES petitioner's section 2255 motions [D.E. 132, 157, 158], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This _3_ day of March, 2022.

JAMES C. DEVER III
United States District Judge